# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANCE F. THOMPSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.:  05-0274 (GMS) |
| | : | |
| DOVER DOWNS, INC., DOVER DOWNS | : | |
| GAMING & ENTERTAINMENT INC., DOVER | : | |
| DOWNS GAMING MANAGEMENT CORP., | : | |
| DOVER ENTERPRISES, INC. and DOVER | : | |
| DOWNS PROPERTIES, INC. | : | |
| | : | |
| Defendants. | : | |

## ANSWER

Defendants Dover Downs, Inc., Dover Downs Gaming & Entertainment Inc., Dover

Downs Gaming Management Corp., Dover Enterprises, Inc. and Dover Downs Properties, Inc.

(collectively "defendants") through their undersigned attorneys, hereby respond to the complaint.

## PARTIES

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied.

6.     Denied.

7.     Admitted.

## JURISDICTION

8.      It is admitted that plaintiff purports to bring this action pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. (TitleVII), the Age Discrimination in

Employment Act, 29 U.S.C. § 621 et. seq. (the ADEA), and 19 Del. C. §711.  It is denied that the

defendants have violated any of the statutes.

9.      It is admitted that plaintiff received a right to sue letter from the Delaware

Department of Labor.  All remaining allegations of paragraph 9 are denied.

## FACTUAL BACKGROUND

**Discrimination**

10.     Admitted.

11.     Admitted.

12.     It is admitted that Maintenance Mechanic 1 is the highest level of maintenance

mechanic at Dover Downs.  All remaining allegations of paragraph 12 are denied.

13.     It is admitted that during his first year of employment Mr. Thompson worked on

the second shift.  All remaining allegations of paragraph 13 are denied.

14.     Defendants lack information sufficient to formulate a response to paragraph 14 of

the complaint; therefore it is denied.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendants lack information sufficient to formulate a response to paragraph 25 of the complaint; therefore it is denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     It is admitted that on or about June 11, 2004 an Outside Maintenance Mechanic 1 position was posted.  All remaining allegations of paragraph 29 are denied.

30.     Admitted.

31.     Denied.

32.     Defendants lack information sufficient to formulate a response to paragraph 32 of the complaint; therefore it is denied.

33.     It is admitted that in August 2004 Robert Knotts was hired to fill the Outside Maintenance Mechanic 1 position.  It is further admitted that Knotts is not a licensed plumber. All remaining allegations of paragraph 33 are denied.

34.     Denied.

35.     It is admitted that on August 23, 2004, Mr. Thompson met with Marie Isenberg, Carolyn Rutowski and Bob Morrison.  All remaining allegations of paragraph 35 are denied.

**Retaliation**

36.     Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    It is admitted that plaintiff filed a charge of discrimination with the Delaware Department of Labor and the United States Equal Employment Opportunity Commission.

42.    Denied.

43.    Denied.

44.    It is admitted that security cameras were installed in the paint shop.  All remaining allegations of paragraph 44 are denied.

45.    It is admitted that on January 11, 2005, plaintiff requested transportation to the hospital.  All remaining allegations of paragraph 45 are denied.

46.    Admitted.

47.    It is admitted that Delaware Department of Labor issued plaintiff a right to sue notice following plaintiff's request for an administrative dismissal.  All remaining allegations of paragraph 47 are denied.

48.    Admitted.

49.    It is admitted that Richard Wertz and Rich Duncan told plaintiff he did not receive a bonus check due to his discipline record.  All remaining allegations of paragraph 49 are denied.

50.    It is admitted that plaintiff has been out of work since March 13, 2005.  All remaining allegations of paragraph 50 are denied.

51.    It is admitted that plaintiff's doctors temporarily released him to return to work on light duty.  All remaining allegations of paragraph 51 are denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT I

### *Violation of the ADEA*

56.     Defendants incorporate herein their responses to paragraphs 1-55.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

WHEREFORE, defendants ask the Court to enter judgment in its favor and against the plaintiff and to award the defendants their cost and attorneys' fees.

## COUNT II

### *Retaliation*

63.     Defendants incorporate herein their responses to paragraphs 1-62.

64.     Denied.

65.     Denied.

66.     Denied.

WHEREFORE, defendants ask the Court to enter judgment in its favor and against the plaintiff and to award the defendants their cost and attorneys' fees.

## COUNT III

### *Breach Covenant of Good Faith and Fair Dealing*

67.     Defendants incorporate herein their responses to paragraphs 1-66.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

WHEREFORE, defendants ask the Court to enter judgment in its favor and against the plaintiff and to award the defendants their cost and attorneys' fees.

## COUNT V

### *Violation of 19 Del. C. § 711*

72.     Defendants incorporate herein their responses to paragraphs 1-71.

73.     Denied.

74.     Denied.

75.     Denied.

WHEREFORE, defendants ask the Court to enter judgment in its favor and against the plaintiff and to award the defendants their cost and attorneys' fees.

## COUNT VI

### *Failure to Promote*

76.     Defendants incorporate herein their responses to paragraphs 1-75.

77.     Denied.

78.     Denied.

WHEREFORE, defendants ask the Court to enter judgment in its favor and against the plaintiff and to award the defendants their cost and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All or parts of plaintiff's Complaint are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred because he failed to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

All decisions made by Defendants with respect to plaintiff were made in good faith and for legitimate non-discriminatory business reasons.

### FIFTH AFFIRMATIVE DEFENSE

Defendants based their actions on reasonable factors other than plaintiff's age or his complaints of discrimination.

    */s/ Richard M. Donaldson*
Richard M. Donaldson (Del Bar ID No. 4367)
Noel C. Burnham (DE Bar No. 3483)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7840

Of Counsel:
Edward T. Ellis
Kymberly D. Hankinson
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA  19109
(215) 772-1500

Date:   June 30, 2005          Counsel for Defendants

## <u>CERTIFICATION OF E-SERVICE</u>

I, Richard M. Donaldson , hereby certify that on Thursday, June 30, 2005, I

caused the foregoing to be served electronically on the following:

Timothy J. Wilson, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680

Attorney for Plaintiff


　　/s/ Richard M. Donaldson
Richard M. Donaldson (DE Bar ID 4367)