IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANCE F. THOMPSON, SR., : | |
| : | |
| Plaintiff, : | Civil Action No.: 05-274 (GMS) |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| DOVER DOWNS, INC., : | |
| : | |
| Defendant. : | |

## JOINT STATUS REPORT

Pursuant to the Notice of Scheduling Conference dated July 14, 2005, the parties submit the following Joint Status Report in anticipation of the Scheduling Conference to be held on **September 15, 2005 at 2:00 p.m.**

1. **Jurisdiction and Service.** The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served.

2. **Substance of the Action.**

**By Plaintiff:**

Plaintiff Brance F. Thompson Sr. ("Plaintiff") is an employee of Dover Downs Inc. ("Defendant"). Plaintiff alleges that Defendant discriminated against him based upon his age, that he was passed over for promotions in favor of individuals substantially younger than him, was retaliated against for complaining about the discrimination and did not deal with him fairly in violation of the implied covenant of good faith and fair dealing.

**By Defendant:**

Defendant Dover Downs, Inc. operates a gaming, hotel and entertainment complex in Dover, DE. In April 2001, the Defendant hired the Plaintiff as a Maintenance

Mechanic 1 for the Inside Maintenance department. Plaintiff was 60 years old at the time of his hiring. Plaintiff is presently employed by the Defendant, in this position, although he is currently on workers' compensation. The Inside Maintenance department is responsible for the maintenance of the hotel and casino facilities at the Dover complex. Plaintiff's primary responsibility as a Maintenance Mechanic 1 is interior painting.

Plaintiff alleges that in October 2001 and March 2004 he applied for supervisory positions in the Inside Maintenance department and was denied these positions based on his age. Defendant has no record of Plaintiff applying for the promotions he now alleges he was denied. Plaintiff was not considered for supervisory positions simply because he did not apply. Plaintiff's age was never a factor. Plaintiff never made an internal complaint of discrimination regarding these positions. Plaintiff did not identify these positions in his charge of discrimination before the Delaware Department of Labor. Furthermore, any claim based on the alleged October 2001 failure to promote is time barred.

Plaintiff also alleges that in June 2004, he was denied a promotion to Maintenance Mechanic I in the Outside Maintenance department. The Outside Maintenance department is responsible for the outside facilities at the Dover complex including the harness and race tracks. In June 2004, Defendant posted an opening for a Maintenance Mechanic 1 in the Outside Maintenance department. Defendant was seeking someone with significant commercial plumbing experience and so indicated in the job posting.

Plaintiff, a Maintenance Mechanic 1, submitted an application for the position. This would have been a lateral move by the Plaintiff with no change in compensation. This would not have been, as Plaintiff alleges, a promotion. Although Plaintiff was

interviewed by the hiring manager, he could not demonstrate the significant commercial plumbing experience required for the position. Defendant ultimately selected an external candidate with ten years commercial plumbing experience.

Plaintiff also alleges the Defendant retaliated against him for his making a complaint of age discrimination. Prior to September 24, 2004, when Plaintiff filed a charge of discrimination with the Delaware Department of Labor, Defendant was unaware of Plaintiff's complaint of age discrimination.

Plaintiff alleges he was unfairly disciplined in retaliation for making the complaint. Between February 2004 and January 2005, Plaintiff had accumulated six occurrences of unexcused absences. The first three occurrences occurred between February and August, 2004. The remaining three occurrences occurred between November 2004 and January 2005. Dover Downs' policy is that employees receive verbal warnings and are reminded of the unexcused absence policy and procedures on the first three occurrences. Subsequent occurrences within a twelve month period warrant written warnings and, eventually, termination if the employee has seven occurrences within a twelve month period.

Plaintiff received verbal warnings from his supervisor for the first three occurrences. These warnings occurred prior to Plaintiff complaining of age discrimination. Plaintiff received two written warnings for the fourth and fifth occurrence and a final written warning on the sixth occurrence. The occurrences and the written warnings occurred between November 2004 and January 2005, approximately 2-3 months following Plaintiff's age discrimination complaint. Defendant's discipline of

Plaintiff was based on his repeated refusal to comply with well established company policies and procedures regarding absences, a policy applicable to all employees.

Plaintiff also received a verbal warning for tardiness in August 2004. This predated his complaint of age discrimination. In November 2004, Plaintiff received a written warning for disclosing confidential personnel information. Plaintiff does not dispute that he disclosed the personnel information of another employee.

Plaintiff received three (3) verbal warnings for violating Defendant's attendance policy prior to making a complaint of age discrimination. His repeated violations of the attendance policy, after making a complaint of discrimination, warranted additional discipline up to the final written warning he received in January 2005. Plaintiff's allegations of discrimination did not entitle him to immunity for his failure to comply with work rules applicable to all employees. The discipline of the Plaintiff by the Defendant was lawful, legitimate and was in no way retaliation for Plaintiff's complaints of age discrimination.

   3.   **Identification of Issues.**

**By Plaintiff:**

   (a)   Did Defendant discriminate against Plaintiff based upon his age?

   (b)   Did Defendant retaliate against Plaintiff for making a work place complaint of age discrimination?

   (c)   Did Defendant breach the Covenant of Good Faith and Fair Dealing by discriminating and retaliating against Plaintiff?

   (d)   Did Defendant fail to promote Plaintiff in favor of those less qualified for the position?

   (e)   What damages has Plaintiff suffered and what damages will he suffer in the future due to Defendant's actions?

**By Defendant:**

(a)   Whether Plaintiff applied for maintenance supervisor positions.

(b)   Whether Plaintiff's claims based on the alleged failure of the Defendant to promote him in October 2001 is time barred.

(c)   Whether Plaintiff was qualified for the position of Outside Maintenance Mechanic 1.

(d)   Whether Plaintiff made an internal complaint of age discrimination.

(e)   Whether Plaintiff violated Defendant's attendance policy.

(f)   Whether Plaintiff was treated differently than similarly situated employees for violation of Defendant's attendance policy.

4.   **Narrowing of Issues.** The issues may be narrowed by dispositive motions and/or stipulation of the parties following discovery.

5.   **Relief.** Plaintiff seeks an award of back pay with prejudgment interest for the higher paying positions that he should have been awarded, damages for pain and humiliation, punitive damages, and attorneys' fees and costs, all in an amount to be determined at trial.

6.   **Amendment of Pleadings.** None anticipated at this time.

7.   **Joinder of Parties.** None anticipated at this time.

8.   **Discovery.** The parties have agreed to exchange initial disclosures by **September 30, 2005.** The parties anticipate that they will need 6 months for discovery in this action and seek a discovery deadline of **March 31, 2006.** Discovery may include:

(a)   Requests for Admissions;

(b)   Requests for the Production of Documents;

(c)   Depositions, however, each side is limited to ten (10) depositions;

    (d)    Interrogatories, however, each side is limited to fifty (50) interrogatories.

9. **Estimated trial length.** Trial should take no longer than four (4) days. The parties will endeavor to reduce the length of trial by entering into stipulations.

10. **Jury trial.** A jury trial has been demanded.

11. **Settlement.** There have been no settlement discussions to date.

12. **Other matters.** None.

13. Counsel for the parties have conferred about each of the above matters.

MARGOLIS EDELSTEIN

By: _____
Timothy J. Wilson (# 4323)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680

*Attorneys for Plaintiff*

Dated: September 8, 2005

MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP

By: _____
Richard M. Donaldson (# 4367)
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

Of Counsel:
Edward T. Ellis
Kymberly D. Hankinson
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7325

*Attorneys for Defendant*