Thompson
Linda M. Renninger

v.

C.A. # 05-274 (GMS)

Dover Downs
April 12, 2006

Page 22

```
1        If you have a certain number of sick hours
2   and a certain number of vacation hours and a person is
3   out sick, can you combine those to cover a sick day?
4        A. When Mr. Thompson was there, yes, you could.
5   Now you can't.
6        MR. WILSON: I have nothing further.
7        MS. FRIEL: I have no questions.
8        (The deposition was then concluded at
9   2:10 p.m.)
10            - - - - -
11        INDEX TO TESTIMONY
12
13
    LINDA M. RENNINGER             PAGE
14
15  Examination by Mr. Wilson          2
16
            - - - - -
17
18        INDEX TO EXHIBITS
19
20  (There were no exhibits marked for identification.)
21
22            - - - - -
23
24
```

Page 24

```
1   State of Delaware )
2                )
3   New Castle County )
4
5        CERTIFICATE OF REPORTER
6
7        I, Kathleen White Palmer, Registered Merit
    Reporter and Notary Public, do hereby certify that there
8   came before me on the 12th day of April, 2006, the
    deponent herein, LINDA M. RENNINGER, who was duly sworn
9   by me and thereafter examined by counsel for the
    respective parties; that the questions asked of said
10  deponent and the answers given were taken down by me in
    Stenotype notes and thereafter transcribed into
11  typewriting under my direction.
12        I further certify that the foregoing is a
    true and correct transcript of the testimony given at
13  said examination of said witness.
14        I further certify that I am not counsel,
    attorney, or relative of either party, or otherwise
15  interested in the event of this suit.
16
17
18
19        Kathleen White Palmer, RPR, RMR
         Certification No. 149-RPR
20        (Expires January 31, 2008)
21
    DATED: April 15, 2006
22
23
24
```

Page 23

```
1
2
3
4
5
6
7
8        REPLACE THIS PAGE
9
10       WITH THE ERRATA SHEET
11
12       AFTER IT HAS BEEN
13
14       COMPLETED AND SIGNED
15
16       BY THE DEPONENT.
17
18
19
20
21
22
23
24
```

B-0318

Wilcox & Fetzer, Ltd.          Professional Court Reporters          (302)655-0477

05-274

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| BRANCE F. THOMPSON, SR. | DOVER DOWNS, INC., et al. |

**(b)** County of Residence of First Listed Plaintiff  **KENT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **KENT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MARGOLIS EDELSTEIN
1509 GILPIN AVENUE    302-777-4680
WILMINGTON, DE 19806

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000e et seq, 29 U.S.C. §621 et seq; 19 Del.C. §711

Brief description of cause:
EMPLOYMENT DISCRIMINATION BASED ON AGE, TITLE VII VIOLATION, ADEA VIOLATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/08/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

B-0319

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANCE F. THOMPSON, SR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   05 - 2 7 4 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| DOVER DOWNS, INC., DOVER DOWNS | : | |
| GAMING & ENTERTAINMENT INC., | : | |
| DOVER DOWNS GAMING | : | |
| MANAGEMENT CORP., DOVER | : | |
| ENTERPRISES, INC., and DOVER | : | |
| DOWNS PROPERTIES, INC., | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

**PARTIES**

1.     Plaintiff, Brance F. Thompson, Sr. (hereinafter "Plaintiff" or "Mr. Thompson"), is a resident of the State of Delaware, and at all times relevant to this Complaint resided at 1679 South State Street, Lot 72, Dover, DE 19901.

2.     Defendant, Dover Downs, Inc., is a Delaware corporation doing business in the State of Delaware that is subject to service through its registered agent, Klaus M. Belohoubek, 3505 Silverside Road Plaza, Centre Building, Suite 203, Wilmington, DE 19810.

3.     Defendant Dover Downs Gaming & Entertainment Inc., is a Delaware corporation doing business in the State of Delaware that is subject to service through its registered agent, Klaus M. Belohoubek, 3505 Silverside Road Plaza, Centre Building, Suite 203, Wilmington, DE 19810.

4.      Defendant Dover Downs Gaming Management Corp., is a Delaware corporation doing business in the State of Delaware that is subject to service through its registered agent, Klaus M. Belohoubek, 3505 Silverside Road Plaza, Centre Building, Suite 203, Wilmington, DE 19810.

5.      Defendant Dover Downs Enterprises, Inc., is a Delaware corporation doing business in the State of Delaware that is subject to service through its registered agent, Klaus M. Belohoubek, 3505 Silverside Road Plaza, Centre Building, Suite 203, Wilmington, DE 19810.

6.      Defendant Dover Downs Properties, Inc., is a Delaware corporation doing business in the State of Delaware that is subject to service through its registered agent, Klaus M. Belohoubek, 3505 Silverside Road Plaza, Centre Building, Suite 203, Wilmington, DE 19810.

7.      Defendants are hereinafter collectively referred to as "Defendants" or "Dover Downs."

## JURISDICTION

8.      The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal laws which prohibit discrimination against employees on the basis of age, in the terms, conditions, and privileges of employment and which prohibit retaliation against an employee for exercising such rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), the Age Discrimination in Employment Act (hereinafter "ADEA" or "the Act"), 29 U.S.C. § 621 *et seq.*, and to secure protection and redress deprivation of similar rights secured by 19 Del. C. § 711, and is founded on the existence of a federal question

2

arising under 28 U.S.C. Sections 1331 and 1343(4). An additional jurisdictional basis for Plaintiff's state law claims exists under the principles of pendant and supplemental jurisdiction and 28 U.S.C. § 1367.

9.    Plaintiff exhausted all administrative remedies before bringing this action, and received a Right to Sue letter issued by the Delaware Department of Labor on March 3, 2005.

## FACTUAL BACKGROUND

### Discrimination

10.    Mr. Thompson is presently sixty-four (64) years old.

11.    He began his employment with Dover Downs on April 23, 2001, when he was hired by Dover Downs Maintenance Manager, Richard Duncan ("Mr. Duncan"), as a Maintenance Mechanic 1.

12.    A Maintenance Mechanic 1 is the highest level of the maintenance mechanics employed by Dover Downs among its maintenance employees who work indoors. Any promotion from Maintenance Mechanic 1 would necessarily be to a supervisory position or to a maintenance position working outdoors.

13.    The first year that Mr. Thompson worked at Dover Downs, he worked on Second Shift[1] under the Supervision of Bob Morrison. Following that first year, Mr. Thompson was moved to Third Shift[2] with no supervision. There were also other employees, Nate Whitecomb and Kevin Gorlick, who worked on Third Shift under Mr. Thompson's supervision. His primary responsibility on Third Shift was performing faux

---

[1] Second Shift is typically 3:00 p.m. to 11:30 p.m.
[2] Third Shift is typically 11:00 p.m. to 7 a.m.

B-0322

painting[3] and other painting applications at Dover Downs.

14.    On September 9, 2002, Mr. Thompson was in a horrific automobile accident. The injuries that he sustained in the accident included a broken back, tailbone, cheekbone, and foot. He also required surgery to fuse two vertebrae in his neck. Mr. Thompson missed approximately one year of work due to the extent of his injuries and the treatment thereof.

15.    Mr. Thompson returned to work on or about September 15, 2003 on light duty in the security office, distributing radios to security guards. He remained on light duty for approximately two months before he returned to his job as a Maintenance Mechanic 1 doing faux painting on Third Shift. At that time, he was working with two other individuals, Nate Whitecomb and Kevin Gorlick, on Third Shift.

16.    Mr. Thompson's acting supervisor at that time was Bob Morrison ("Mr. Morrison") – although Mr. Morrison worked Second Shift. Essentially, Mr. Thompson performed all of the functions and duties of a Third Shift Supervisor.

17.    Shortly thereafter, on or about October 19, 2001, a job posting was released for a Third Shift Supervisor. Mr. Thompson applied for that position.

18.    Upon information and belief, Mr. Thompson was the only individual who applied for the Third Shift Supervisor's position.

19.    Mr. Thompson was not awarded the position. Mr. Duncan explained that he did not get the job because Mr. Duncan had come to realize that he did not need a Third Shift Supervisor. Not coincidentally, at this time, Mr. Thompson was performing the duties of the Third Shift Supervisor and had two other employees working under his

---

[3] Faux Painting is a method of painting in which walls and other structures are painted to look like they are made of marble, granite and other similar materials.

4

B-0323

direction.

20.    Approximately two to four months later, Dover Downs promoted Al Baldwin, a Maintenance Mechanic 1 who had previously been working on the First Shift, to the Third Shift Supervisor position. When the opening for Third Shift Supervisor was posted, Mr. Baldwin did not apply for the opening. Instead, Mr. Duncan approached Mr. Baldwin and asked him if he wanted the job.

21.    Upon information and belief, Mr. Baldwin was thirty-nine years old at the time of his promotion.

22.    Mr. Thompson, who, until that time had been the *de facto* Third Shift Supervisor, was then transferred to First Shift.

23.    On or about March 4, 2004 a job opening for Second Shift[4] Supervisor was posted.

24.    Upon information and belief, the job posting was taken down that same day, in violation § 2.06 of the Dover Downs Employee Handbook (hereinafter "Employee Handbook"). Section 2.06 requires: "Postings that are posted will be posted "in house" for at least 5 days." Upon information and belief, the five day rule was implemented so that everybody who works in the Maintenance Department would have an opportunity to see the posting and to bid on the job if interested – regardless of the time of week in which their regularly scheduled days off fall.

25.    Mr. Thompson was not scheduled to work the day that the posting went up because it was a Thursday (his regularly scheduled day off). As a result, Mr. Thompson never saw the job posting and did not find out about it until March 12, 2004, when he heard about the job posting through another employee.

---

[4] Second Shift typically runs from 3:00 p.m. to 11:00 p.m.

B-0324

26.    On that date, Mr. Thompson approached Mr. Duncan and inquired about the job. Specifically, Mr. Thompson asked Mr. Duncan, if he applied for the position, would he be considered or if he would be wasting his time doing so. Mr. Duncan told him to put in for the job and find out.

27.    Mr. Thompson did apply for the job, but upon information and belief, the position had already been awarded to Jim Shreves on March 4, 2004 – the day the job was posted.

28.    Upon information and belief, Mr. Shreves was in his mid-thirties at that time. Mr. Thompson complained to Mr. Duncan about not getting the job, but he got no response.

29.    On or about June 11, 2004, a job was posted for an Outside Maintenance Mechanic 1. The Outside Maintenance Mechanic 1 employees made more money than the "inside" Maintenance Mechanic employees. This posting was an "in house" posting, meaning that current employees who are qualified for the position are to be considered for the position before the company would look to the outside to fill the position.

30.    Bob Morrison was the Outside Maintenance Manager and was in charge of hiring the Outside Maintenance Mechanic 1 to fill the opening.

31.    Mr. Thompson approached Mr. Morrison to discuss the position. Mr. Morrison discouraged Mr. Thompson from bidding on the job and said that the Outside Maintenance Mechanic 1 position was "a hot, hard job and would involve a lot of heavy lifting." Mr. Thompson told him that he didn't care because he wanted the additional pay and because he wanted the change from his current position. In response, Mr. Morrison asked Mr. Thompson to not bid on the job so that he could hire a plumber to fill the

6

position. Mr. Morrison then assured Mr. Thompson that he would post another Outside Maintenance Mechanic 1 position and he would fill that position with Mr. Thompson.

32.    When leaving the meeting with Mr. Morrison, Mr. Thompson was very happy about going "outside." On his way out of the building he ran into John McCarty and he and Mr. McCarty sat and talked about Mr. Thompson moving to Outside Maintenance.

33.    Sometime in August 2004, Mr. Morrison hired Robert Knotts, then forty-three (43) years old, to fill the Outside Maintenance Mechanic 1 position. This individual was *not* a licensed plumber. Mr. Thompson approached Mr. Morrison to discuss the new hire and to inquire into when the new posting for Outside Maintenance Mechanic 1 would be posted.

34.    Mr. Morrison told Mr. Thompson that he was not going to post another Outside Maintenance Mechanic 1 position and that Mr. Thompson was not "coming outside."

35.    Mr. Thompson had reached his breaking point with respect to being passed over for promotions for younger, less qualified individuals. He asked for a meeting with Dover Downs Human Resources to discuss what he believed to be Dover Downs' age discrimination in hiring and promotion. On August 23, 2004, Mr. Thompson and Mr. Morrison met with Dover Downs Human Resources employee, Mrs. Eisenberg. During the meeting, Mr. Thompson accused Dover Downs of age discrimination. The meeting resolved nothing.

**Retaliation:**

36.    The very next day after Mr. Thompson complained of age discrimination,

B-0326

August 24, 2004, Mr. Thompson was informed that he had been written up for five separate instances that had occurred since February, 2004. All of these write up slips were dated August 24, 2004, even though the write ups were from various dates prior to August 24.

37.     According to the well-established custom and work-practice at Dover Downs, an employee must be written up within seventy-two hours of the occurrence event. As a consequence, the August 24, 2004 write ups for the alleged previous violations were not in compliance with the Employee Handbook and therefore invalid.

38.     When Mr. Thompson saw the dates on the documentation, he advised Mr. Duncan of this seventy-two hour rule.

39.     In apparent agreement of the invalidity of the written disciplinary documentation, Mr. Duncan destroyed the original write up slips dated August 24, 2004 and reissued them. These new write up slips were back dated to the date that the alleged violations occurred. Significantly, within the box delineated "date signed" are the dates that the alleged events occurred. Mr. Homlish's signature appears beside the "date signed" box. Simply put, Mr. Duncan and Mr. Homlish falsified these documents to make them appear as if they were executed on the previous dates instead of on August 24, 2004.

40.     Prior to August 24, 2004, Mr. Thompson had *never* been written up during the entire time he had worked at Dover Downs.

41.     On or about August 24, 2004, with no other administrative remedy available to him, Plaintiff filed a Charge of Discrimination against Defendants with the

8

Delaware Department of Labor and the United States Equal Employment Opportunity Commission alleging age discrimination.

42.     On January 4, 2005, Mr. Thompson was called into another meeting with Human Resources. In the four and a half months that had elapsed since August 24, 2004, Mr. Thompson had been written up numerous additional times. At the meeting, he was instructed that upon his next write up, he "*could*" be terminated; although, he was instructed further, Dover Downs did not "*want*" to execute such a termination. Mr. Thompson took this statement as a threat -- meaning Dover Downs would not terminate him as long as he made no further complaints or trouble for them regarding age discrimination; but if he did continue to complain, they could and *would* terminate him.

43.     In the eight months that have elapsed since that meeting, Mr. Thompson has been written up five additional times for various offenses. In all, Mr. Thompson was not written up a single time from 2001 until August of 2004. Since that date, he has been written up ten (10) times in the eight (8) months that have elapsed since he made his first formal complaint of age discrimination to his employer.

44.     On or about January 10, 2005, Mr. Thompson found a hidden camera the size of a pencil in his paint shop. Disturbed by this, he intended to make it obvious to his employer that he knew that they had him under surveillance, so he went up to the camera and put his eye right up to the camera. Mr. Thompson then left his paint shop. When he came back later in his shift, the camera had been removed.

45.     On or about January 11, 2005, Mr. Thompson experienced chest pains at work. He requested a ride to the hospital. Dover Downs refused. A Dover Downs employee, Linda Renninger, recognizing his serious medical condition, told Mr.

9

Thompson that she was going to get her car to take him to the hospital. She never arrived. Upon information and belief, Dover Downs supervisory employee, Mr. Wirtz, instructed Ms. Renninger not to take Mr. Thompson to the hospital. Mr. Thompson ended up driving himself to the hospital.

46.    On or about January 21, 2005, Plaintiff filed an amendment to his original Charge of Discrimination against Defendants with the Delaware Department of Labor, alleging age discrimination and retaliation.

47.    The Delaware Department of Labor investigated Plaintiff's Charges of Discrimination and issued a Final Determination and Right to Sue Notice to Plaintiff on or about February 22, 2005, received by Plaintiff's counsel on or about March 3, 2005, attached hereto as Exhibit "A."

48.    Also on or about February 22, 2005, bonus checks were distributed at Dover Downs to the Dover Downs employees. These bonus checks amount to approximately 1% of each employee's yearly salary. Mr. Thompson did not receive a bonus check. This was the first year that he did not receive a bonus check.

49.    Mr. Thompson inquired as to why he did not receive a bonus check. Mr. Richard Wirtz and Mr. Duncan told him that it was because of all the write ups that he had received in the past year. However, there were other similarly-situated employees who received bonus checks in spite of write ups and even in spite of suspensions (of which Mr. Thompson had none).

50.    On March 13, 2005, Mr. Thompson injured his neck at work while lifting some scaffolding. He has been out of work since due to the injury, and also due to work-related stress.

10

51.     His doctors released him to return to work on light-duty. Defendants have instructed Mr. Thompson that they have no light-duty work for him to perform.

52.     Upon information and belief, there is another employee, Eric Johnson, who, like Mr. Thompson was injured on the job. However, unlike their treatment of Mr. Thompson, Defendants gave Mr. Johnson the *choice* of returning to work and performing light duty work or staying out on workers' compensation. Mr. Thompson was given no such choice.

53.     Based upon information and belief, Mr. Johnson is substantially younger than Mr. Thompson and is in his early 40's.

54.     As a result of Dover Downs' discrimination and retaliation against Mr. Thompson, he has been diagnosed with: depression by Dr. Osun Koya for which he treats Mr. Thompson with Xanex. Mr. Thompson also suffers from chest pains and panic attacks which are related to his work.

55.     Also as a direct result of Dover Downs discrimination against Mr. Thompson, he has suffered a substantial loss of wages, emotional distress, other physical and mental maladies, lost employment opportunities, and other consequential damages.

## COUNT I
### *Violation of the ADEA*

56.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 - 55.

57.     Plaintiff was over the age of forty (40) at the time that he was passed over for promotion to Third Shift Supervisor, Second Shift Supervisor and Outside Maintenance Mechanic 1.

58.     The individuals chosen for the Third Shift Supervisor and Second Shift Supervisor were younger than age forty (40) and had less experience and inferior

11

qualifications than Plaintiff.

59.    The individual chosen for the Outside Maintenance Mechanic 1 position was forty-three (43) years old and therefore "substantially younger" than Plaintiff.

60.    The individual who was given a choice as to whether to accept light duty or workers' compensation was in his early forties and therefore "substantially younger" than Plaintiff.

61.    Defendants' violations of Plaintiff's rights under the ADEA were intentional and therefore done with malice and/or reckless indifference to Plaintiff's federally protected rights and were designed to further injure Plaintiff.

62.    As a result of Defendants' actions in violation of the ADEA, Plaintiff suffered and continues to suffer from emotional distress, other physical and mental maladies, lost employment opportunities, lost wages, and other consequential damages.

### COUNT II
### *Retaliation*

63.    Paragraphs 1 - 62 are hereby incorporated by reference.

64.    Defendants repeatedly retaliated against Plaintiff after he complained to Defendants that he was being discriminated against because of his age.

65.    Such retaliation includes, but is not limited to:

a.    writing Mr. Thompson up for violations that he did not commit and/or incidents that did not occur;

b.    increasing his workload;

c.    denying him his yearly bonus;

d.    refusing to give him medical assistance for a condition that occurred on the job; and

12

e.  secreting a surveillance camera in his paint shop.

66.  As a result of Defendants' actions, Plaintiff suffered and continues to suffer from emotional distress, other physical and mental maladies, lost employment opportunities, lost wages, and other consequential damages.

## COUNT III
### *Breach of Covenant of Good Faith and Fair Dealing*

67.  Paragraphs 1 - 66 are hereby incorporated by reference.

68.  Immediately following Plaintiff's complaint of discrimination, Defendants began to scrutinize Plaintiff's job-related activities unfairly and as a result, he incurred many more disciplinary write ups than other similarly situated employees.

69.  Following Plaintiff's complaint of discrimination, Defendant failed to award Plaintiff his yearly bonus, ostensibly due to his write ups. Yet such year-end bonuses were awarded to virtually all similarly-situated employees regardless of the existence of write ups or suspensions on their employment records.

70.  The actions of the Defendants constitute violations of the covenant of good faith and fair dealing implicit in every employment contract.

71.  As a result of Defendants' breach of the Covenant of Good Faith and Fair Dealing, Plaintiff suffered and continues to suffer from emotional distress, other physical and mental maladies, lost employment opportunities, lost wages, and other consequential damages.

B-0332

## COUNT V
### *Violation of 19 Del. C. § 711*

72.     Paragraphs 1 - 71 are hereby incorporated by reference.

73.     Defendants' aforesaid actions constituted discrimination against Plaintiff on the basis of age in violation of 19 *Del. C.* § 711.

74.     Defendants' violations of Plaintiff's rights under 19 *Del. C.* § 711 were intentional and therefore done with malice and/or reckless indifference to his state-protected rights and were designed to further injure Plaintiff.

75.     As a result of Defendants' actions in violation of § 711, Plaintiff suffered and continues to suffer from emotional distress, other physical and mental maladies, lost employment opportunities, lost wages, and other consequential damages.

## COUNT VI
### *Failure to Promote*

76.     Paragraphs 1 - 75 are hereby incorporated by reference.

77.     Defendants denied Plaintiff career advancement opportunities by refusing his requests for transfers and promotion, despite the fact that Plaintiff was qualified for those transfer and promotional positions.

78.     As a result of Defendants' actions, Plaintiff has lost considerable pay; past, present and future and prospective and suffered and continues to suffer humiliation, mental anguish and emotional pain.


**WHEREFORE**, Plaintiff, Brance F. Thompson respectfully requests this Court enter judgment against the Defendants, and in his favor for damages suffered by him, due to Defendants' actions, including, but not limited to, compensatory damages, punitive

damages, attorneys' fees, the costs of this litigation, pre- and post-judgment interest and

such other further relief as this Court deems just and proper.

MARGOLIS EDELSTEIN

Timothy J. Wilson, Esquire (#4323)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 Telephone
(302) 777-4682 Facsimile
*Attorney for Plaintiff*
*Brance F. Thompson*

Dated: May 6, 2005

15

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

State Case No.: 05010025M

Brance Thompson, Sr.
1679 S. State Street, Lot #72
Dover, DE 19901



vs.

Dover Downs Entertainment
1131 N. Dupont Highway
Dover, DE 19901

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 <u>Del. C.</u> § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *Administrative Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

This administrative dismissal is based upon 19 <u>Del. C.</u> § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. You may have additional rights under federal laws.

B-0335

2/22/05
_____
Date issued

*Julie K. Cutler*
_____
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilm*

DOL Form C-12A : 10/04



EXHIBIT
**A**

### NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)     A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)     The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)     The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

### NOTICE OF FEDERAL RIGHTS

1.     If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.     If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.     Requests to the EEOC should be sent to:

> Equal Employment Opportunity Commission
> The Bourse, Suite 400
> 21 S. Fifth Street
> Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

B-0336

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**

☐ FEPA *04090739*
☐ EEOC *17CA400726*

and EEOC

**Delaware Department of Labor**
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms)<br>Mr. Brance F. Thompson | **HOME TELEPHONE NO.** (Include Area Code)<br>(302) 677-1871 |

| | | |
|---|---|---|
| **STREET ADDRESS** **CITY, STATE AND ZIP CODE**<br>1679 South State Street Lot #72   Dover, DE 19901 | | **COUNTY**<br>Kent |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)**

| NAME<br>Dover Downs Entertainment | NO. OF EMPLOYEES OR<br>MEMBERS 100+ | TELEPHONE NUMBER (Incl. Area Code)<br>(302) 674-4600 |
|---|---|---|

| STREET ADDRESS    CITY, STATE AND ZIP CODE<br>1131 N. Dupont Hwy. Dover, DE 19901 | | |
|---|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS    CITY, STATE AND ZIP CODE | |
|---|---|

| | |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE<br><br>☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify) | **DATE DISCRIMINATION TOOK PLACE**<br>EARLIEST  10/24/2001<br>LATEST  8/2004<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed by Respondent in Dover, DE
Charging Party protected class: Over 40 (Date of Birth 10/28/1940)
Adverse employment: Not Promoted

Employment harm: Charging Party applied for a supervisory position on two separate occasions but was not promoted. On one occasion Respondent hired a younger far less experienced individual as a supervisor.
Applicable law(s): Age Discrimination in Employment Act, as amended, and the state of Delaware's Discrimination in Employment Act, as amended.

Respondent's explanation: I was told by Respondent's Outside Maintenance Manager, Bob Morrison (mid-40's) that he didn't think I could handle the working conditions.

Comparators(s) or other specific reason(s) for alleging discrimination: The last time I applied for a supervisory position and denied Respondent hired a younger individual who was younger than 40 years of age. Respondent violated their policy by hiring someone with a relative in the same department.

Additional information and verification of these facts are provided by the attached Affidavit:

| | |
|---|---|
| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date *9-24-04*  Charging Party (Signature) | NOTARY - (When necessary to meet State and Local Requirements)<br><br>Subscribed and sworn to before me this date  (Day, month, and year) |

B-0337

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

ENTER CHARGE NUMBER

☐ FEPA *05010025m*
☐ EEOC *17CA500189*

and EEOC (if applicable)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Brance F. Thompson Sr. | (302) 677-1871 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1679 South State St. Lot #72 | Dover, DE 19901 | Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL
GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one, list below.*)

| NAME | NO. OF EMPLOYEES OR | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Dover Downs Entertainment | MEMBERS  50+ | (302) 674-4600 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 1131 N. Dupont Highway | Dover, DE 19901 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE

☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST  11/17/2004
LATEST  1/20/05
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party is employed by Respondent as a Mechanic I in their Dover, DE facility

Charging Party's protected class: Age

Adverse employment action: Retaliation and Discipline

Brief statement of allegations: Charging Party in currently employed and has a pending charge of age discrimination against Respondent. Since Charging Party has filed his charge, he has been written up approximately seven (7) times. Charging Party made internal complaints prior to his original allegations of discrimination and was written up five (5) times afterwards. Charging Party has received an approximately twelve (12) write since complaining of age discrimination. Charging Party last write- up was January 17, 2005 and he was told that it would be his last written warning.

Respondent's explanation: Respondent asserts that Charging Party has not provide doctors' excuses for absences.

Applicable law(s): Age Discrimination in Employment Act, as amended, and state of Delaware's Discrimination in Employment Act, as amended,

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party asserts that he has presented doctors' excuses. Respondent also has denied Charging Party the right to utilizing vacation time for medical purposes. However, Charging Party and others were informed by Respondent's Building Manger Richard Dunkin (50s) they were allowed to utilize vacation time for sick or medical leave.

Additional information and verification of these facts are provided by the attached Affidavit.

| ☒ | I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
|---|---|---|
| | | *[signature]* |
| | | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

DDOL FORM B- 05
REV 11/04

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

B-0338

03-21-04A07:44 RCVD

# Upgrade/Transfer Form

Employee Name _Diane Thompson Sr_ #_8340_ Hire Date _4-23-01_

Current Position _Mechanic - 1_ How Long Held: _3 yrs 2 mos_

Current Shift: _7.00 Till 3:30_ Days Off: _Thurs, Friday_

Posted Position: _Maintenance - Grounds_

Do you have any relatives working here? _Wife_ If yes, what department and shift.
_Tech Shop_

Please indicate three of your qualifications or experiences that would indicate your preparedness for this position or attach a resume:

1. _painting, plumbing - plasting Dry Wall_

2. _Carpentry_

3. _Perform reasonable task_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Do Not Write Below this Line. For Human Resources Use\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Current Supervisor/Shift Manager _Steve Homlish_

Evaluations _4-23-03   Score 85   2% increase_

Attendance: _None on file_

Disciplinary Action _None on file_

Human Resources Signature _Marie C. Ikenberg_ Date _6-22-04_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Do Not Write Below this Line.  Department Use\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I have reviewed this Upgrade/Transfer Form and request the following action:

Set up interview on _25 JUNE 2004    0800_ ✓

Decline the applicant because _EXPERIENCE LEVEL IN COMMERCIAL_
_PLUMBING, MULTI TASKING ABILITIES._

Department Contact (Please Print) _BOB MORRISON_

Department Signature _Bob Morrison_ Date _24 JUNE 2004_

*Return completed form to Human Resources Recruiter within 7 days.*

_ADVISED ok_
_14 AUG_

B-0339

## DISCIPLINARY WARNING NOTICE

*Page D-1*

## Coaching

Employee's Name:   Braance Thompson                              Date of Notice:   2/4/04

Department:        Maintenance                    Position:   Mechanic 1

**ACTION TAKEN**   *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*
_____   Verbal Warning
_____   Written Warning
_____   Final Written Warning   *OR*   Suspension        (From _____   To _____ )
_____   Termination

*DATE OF INCIDENT:*   02/3/04              *INCIDENT REPORTED BY:*   Steven Homlish

*NATURE OF INCIDENT:*

Did not report to work on 2/3/04 and had no doctors excuse.

Section 6.04 of the employee handbook has been explained that this is an occurrence.

---

### TO EMPLOYEE:

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- **You are being issued this Notice to make you aware of the severity of this situation.**
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- **If you have any questions regarding this matter, please discuss them with the head of your Department.**

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE*<br>NOT REQUIRED | DATE SIGNED |
|---|---|---|
| Brance Thompson | | |

\*    Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*    ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Steven T. Homlish | *Steven J. Homlish* | 2/4/04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED<br>02/04/04 |

**B-0340**

## DISCIPLINE FILE REPORT

This Discipline File Report is recommended in connection with the issuance of a Disciplinary Warning Notice. Before deciding on discipline, consider the seriousness of the problem, the employee's overall past record including prior warnings, the employee's attitude, rules and regulations violated, and precedents.

*This File Report is an attachment to the following Disciplinary Warning Notice:*

Employee's Name:    Brance Thompson                                  Date of Notice:    02/04/04

### DETAILS OF INCIDENT

*Name(s) of Employee(s) Involved in the Incident*

*Name(s) of All Witnesses to the Incident*

*Details of the Incident* (Location and time incident occurred. Explain cause, reasons why, how it occurred, cost to Company, impact on customers, etc.)

*Statement of Employee(s) Involved* (Attach additional sheets if necessary. Employees must sign and date their statements.)

*Statement of Witnesses* (Attach additional sheets if necessary. Witnesses must sign and date their statements.)

### PRIOR INCIDENTS OR WARNINGS
*(List prior warnings employee has received)*

| DESCRIPTION | DATE | ACTION TAKEN |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

D 0116

# DISCIPLINARY WARNING NOTICE

*Page 9*

# Coaching

Employee's Name:   Braance Thompson                          Date of Notice:   6/17/04

Department:   Maintenance                    Position:   Mechanic 1

**ACTION TAKEN**   *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____   Verbal Warning
_____   Written Warning
_____   Final Written Warning   *OR*   Suspension   (From   _____   To   _____   )
_____   Termination

*DATE OF INCIDENT:*   6/16/04            *INCIDENT REPORTED BY:*   Steven Homlish

*NATURE OF INCIDENT:*

Did not report to work on 6/16/04 and had no doctors excuse.

Section 6.04 of the employee handbook has been explained that this is an occurrence.

---

## *TO EMPLOYEE:*

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**

- **You are being issued this Notice to make you aware of the severity of this situation.**

- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**

- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*

- If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* NOT REQUIRED | DATE SIGNED |
|---|---|---|
| Brance Thompson | | |

\*   Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*   ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Steven T. Homlish | *Steven J. Homlish* | 6/17/04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED 6/17/04 |

**B-0342**

## DISCIPLINARY WARNING NOTICE  *Exhibit (3) D* 

## Coaching

Emp oyee's Name: ___Braance Thompson___          Date of Notice: ___8/11/04___

Depe rtment: ___Maintenance___          Position: ___Mechanic 1___

**ACTION TAKEN** *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*
- Verbal Warning
- Written Warning
- Final Written Warning   *OR*   Suspension     (From _____ To _____ )
- Termination

*DATE OF INCIDENT:* ___8/10/04___          *INCIDENT REPORTED BY:* ___Steven Homlish___

*NATURE OF INCIDENT:*

Reported to work 8 minutes late ~ *(1) minute late – we have 7 min's till 7:00 – 7 min's after*

Section 6.04 of the employee handbook has been explained that this is an occurance.

---

### TO EMPLOYEE:

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- You are being issued this Notice to make you aware of the severity of this situation.
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* NOT REQUIRED | DATE SIGNED |
|---|---|---|
| Brance Thompson | | |

\* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*   ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Steven T. Homlish | *Steven J. Homlish* | 8/11/04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED 8/11/04 |

B-0343

## DISCIPLINARY WARNING NOTICE

# Coaching

Employee's Name:     Braance Thompson                          Date of Notice:   8/17/04

Department:          Maintenance                    Position:   Mechanic 1

**ACTION TAKEN**   *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

_____   Verbal Warning
_____   Written Warning
_____   Final Written Warning   *OR*   Suspension      (From  _____   To  _____ )
_____   Termination

*DATE OF INCIDENT:*   8/16/04                   *INCIDENT REPORTED BY:*   Steven Homlish

*NATURE OF INCIDENT:*

Did not report to work on 8/16/04 and had no doctors excuse.

Section 6.04 of the employee handbook has been explained that this is an occurrence.

---

### *TO EMPLOYEE:*

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- **You are being issued this Notice to make you aware of the severity of this situation.**
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- **If you have any questions regarding this matter, please discuss them with the head of your Department.**

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* NOT REQUIRED | DATE SIGNED |
|---|---|---|
| Brance Thompson | | |

\*   Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*   ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Steven T. Homlish | *Steven J. Homlish* | 8/17/04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED 8/17/04 |

*Page A*

# DISCIPLINARY WARNING NOTICE

Employee's Name:  BRANCE THOMPSON          Date of Notice:  8/20/04

Department:      MAINTENANCE        Position:  MECHANIC

**ACTION TAKEN**   (*Depending on the type of offense, the Company may bypass any of these steps in its discretion*)

- __X__  Verbal Warning
- _____  Written Warning
- _____  Final Written Warning  *OR*  Suspension    (From _____  To _____ )
- _____  Termination

*DATE OF INCIDENT:*  8/16/04 _____  *INCIDENT REPORTED BY:* _____

*NATURE OF INCIDENT:*

MOST RECENT IS 8/16/04, OUT OF WORK, NO DOCTOR'S EXCUSE.

FIRST 3 WERE WEEK OF 2/15 ILL AND NO SICK TIME, 6/16 NO DR. EXCUSE, AND 8/10 TARDY.

*TARDY - Refer to page 28 of employee hand book, were highlighted Call was made and Recorded.*

---

## TO EMPLOYEE:

- **PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.**
- You are being issued this Notice to make you aware of the severity of this situation.
- **THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.**
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| BRANCE THOMPSON | *Brance Thompson st* | 8-24-04 |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

* ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| STEVEN HOMLISH  *RICH DUNCAN* | *Rich Duncan* | 8-24-04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |

**B-0345**

*Exhibit (3) J*

## DISCIPLINARY WARNING NOTICE

# Coaching

Employee's Name:    Braance Thompson                    Date of Notice:  8/30/04

Department:    Maintenance                Position:  Mechanic 1

**ACTION TAKEN**    *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

—————  Verbal Warning
—————  Written Warning
—————  Final Written Warning    OR    Suspension        (From _____    To _____  )
—————  Termination

*DATE OF INCIDENT:*  8/24/04            *INCIDENT REPORTED BY:*    Steven Homlish

*NATURE OF INCIDENT:*

Reporting 20 minutes late to work on the above scheduled day

---

### TO EMPLOYEE:

- PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.

- You are being issued this Notice to make you aware of the severity of this situation.

- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.

- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*

- If you have any questions regarding this matter, please discuss them with the head of your Department.

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Brance Thompson | Not Required | |

\*    Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

\*    ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Steven Homlish | Steven Homlish | 8/30/04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| | | 8/30/04 |

B-0346

# DISCIPLINARY WARNING NOTICE

Employee's Name: _____Brance Thompson_____    Date of Notice: __November 16, 2004__

Department: _____    Position: _____

**ACTION TAKEN**  *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*

- __X__ Verbal Warning
- _____ Written Warning
- _____ Final Written Warning    *OR*    Suspension    (From _____ To _____ )
- _____ Termination

*DATE OF INCIDENT:* __November 16, 2004__    *INCIDENT REPORTED BY:* _____

*NATURE OF INCIDENT:*

It has come to our attention that you are showing other employees documents you received from Dover Downs in response to your Charge of Discrimination filed with the Delaware Department of Labor.

The documents you received, as well as the information contained within those documents, are confidential and should not be shared with persons not directly involved with your Charge of Discrimination.

Some of the information in those documents contains personal and confidential information about other employees. Sharing personal and confidential information about other employees is in violation of Dover Downs' guidelines for appropriate conduct as set forth in Section 6.02 of your Employee Handbook.

As a result of your behavior, you are being issued a verbal warning

---

## TO EMPLOYEE:

- PLEASE READ THIS <u>ENTIRE</u> DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
- You are being issued this Notice to make you aware of the severity of this situation.
- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
- *ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*
- If you have any questions regarding this matter, please discuss them with the head of your Department.

---

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Brance Thompson | *Brance Thompson Sr* | 11-17-04 |

\* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Richard Duncan | *Richard Duncan* | 11-19-04 |
| HR REPRESENTATIVE'S PRINTED NAME  Marie Isenberg | HR REPRESENTATIVE'S SIGNATURE  *Marie G. Isenberg* | 11-16-04 |

B-0347

# DISCIPLINARY WARNING NOTICE

| | | |
|---|---|---|
| Employee's Name: | Brance Thompson | Date of Notice: 11/29/04 |
| Department: | Maintenance-909000 | Position: Mechanic I |

ACTION TAKEN  (Depending on the type of offense, the Company may bypass any of these steps in its discretion)
___ Verbal Warning
_x_ Written Warning
___ Final Written Warning    OR    Suspension    (From _____ To _____ )
___ Termination

DATE OF INCIDENT: __November 17, 2004__    INCIDENT REPORTED BY: _____

NATURE OF INCIDENT:
Left work early due to illness, no doctor's excuse was supplied upon return, despite warning that it would be a write up.

This is the fourth incident of illness without a doctor's excuse.

## TO EMPLOYEE:

- PLEASE READ THIS ENTIRE DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.
- You are being issued this Notice to make you aware of the severity of this situation.
- THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.
- ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.
- If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Brance Thompson | | 12-06-04 |

- Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.
- ☐ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER / SUPERVISOR'S PRINTED NAME | MANAGER / SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| R. WERTZ | Richard Wertz | 12-6-04 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| Marie A. Isenberg | Marie A. Isenberg | 12-18-04 |

B-0348

# DISCIPLINE FILE REPORT

This Discipline File Report is recommended in connection with the issuance of a Disciplinary Warning Notice. Before deciding on discipline, consider the seriousness of the problem, the employee's overall past record including prior warnings, the employee's attitude, rules and regulations violated, and precedents.

*This File Report is an attachment to the following Disciplinary Warning Notice:*

Employee's Name:   Brance Thompson                              Date of Notice:   11/29/04

## DETAILS OF INCIDENT

Name(s) of Employee(s) Involved in the Incident
                B. THOMPSON

Name(s) of All Witnesses to the Incident
                    N\A

Details of the Incident (Location and time incident occurred. Explain cause, reasons why, how it occurred, cost to Company, impact on customers, etc.)

        NO DOCTOR'S EXCUSE AFTER UNEXCUSED ABSENCE.

Statement of Employee(s) Involved (Attach additional sheets if necessary. Employees must sign and date their statements.)

Statement of Witnesses (Attach additional sheets if necessary. Witnesses must sign and date their statements.)

## PRIOR INCIDENTS OR WARNINGS
*(List prior warnings employee has received)*

| DESCRIPTION | DATE | ACTION TAKEN |
|---|---|---|
| 1-No doctor's excuse | 2/4/04 | Verbal warning and coaching |
| III-No doctor's excuse | 6/17/04 | Verbal warning and coaching |
| 1-No doctor's excuse | 8/17/04 | Verbal warning and coaching |
| "   "    " | 11·17·04 | WRITTEN WARNING |

B-0349

# DISCIPLINARY WARNING NOTICE

01-05-05P03:38 RCVD

| | | | |
|---|---|---|---|
| Employee's Name: | Brance Thompson | Date of Notice: | 1/4/05 |
| Department: | Maintenance | Position: | Mechanic I |

ACTION TAKEN *(Depending on the type of offense, the Company may bypass any of these steps in its discretion)*
___ Verbal Warning
XX Written Warning
___ Final Written Warning  OR  Suspension  (From _____ To _____ )
___ Termination

DATE OF INCIDENT: 12/29/04   INCIDENT REPORTED BY: N/A

NATURE OF INCIDENT:

did not report to work 1/29/04 due to illness, no doctor's excuse was supplied upon return.

This is the fifth incident of illness without a doctor's excuse or accrued sick time. In accordance with the Company's attendance policy, you are being issued a "written warning".

*TO EMPLOYEE:*

PLEASE READ THIS ENTIRE DISCIPLINARY WARNING NOTICE CAREFULLY BEFORE SIGNING BELOW.

You are being issued this Notice to make you aware of the severity of this situation.

THIS NOTICE SHOULD NOT BE TAKEN LIGHTLY.

*ANY FURTHER VIOLATIONS OF ANY COMPANY RULES, POLICIES OR PROCEDURES MAY RESULT IN ADDITIONAL ACTION BEING TAKEN, UP TO AND INCLUDING TERMINATION OF YOUR EMPLOYMENT.*

If you have any questions regarding this matter, please discuss them with the head of your Department.

| EMPLOYEE'S PRINTED NAME | EMPLOYEE'S SIGNATURE* | DATE SIGNED |
|---|---|---|
| Brance Thompson | | |

* Signing this Notice does not imply that you agree with the action taken, only that you acknowledge receipt of this Notice.

☑ Check here if Employee refuses to acknowledge receipt of this Notice.

The undersigned manager / supervisor has discussed this Notice and the action taken with the employee.

| MANAGER/SUPERVISOR'S PRINTED NAME | MANAGER/SUPERVISOR'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Rich DeanDAm | Rich DeanDAm | 1-4-05 |
| HR REPRESENTATIVE'S PRINTED NAME | HR REPRESENTATIVE'S SIGNATURE | DATE SIGNED |
| Marie A. Isenberg | Marie A. Isenberg | 1-4-05 |

B-0350

Page 1 of 2
(1101)



# EMPLOYEE HANDBOOK

## For Employees of Dover Downs Gaming & Entertainment, Inc. and Its Subsidiaries

B-0351

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

Margolis Edelstein
Thompson v. Dover Downs

## TABLE OF CONTENTS
### (continued)

*SECTION*                                                                                          *PAGE*

6.   EMPLOYEE CONDUCT ........................................................................................ 25
     6.01   Compliance With Laws.................................................................................... 25
     6.02   Guidelines for Appropriate Conduct................................................................ 25
     6.03   Code of Business Conduct.............................................................................. 27
     6.04   Attendance Standards (Absenteeism and Lateness)......................................... 27
     6.05   Personal Appearance and Demeanor ............................................................... 29
     6.06   Uniforms ....................................................................................................... 30
     6.07   Controlled Substances and Alcohol ................................................................ 31
     6.08   Safety and Health .......................................................................................... 32
     6.09   Company Confidential Information ................................................................. 32
     6.10   Confidentiality Regarding Customers.............................................................. 33
     6.11   Gambling by Employees................................................................................. 33
     6.12   Workplace Violence....................................................................................... 34
     6.13   Workplace Searches....................................................................................... 34
     6.14   Entering or Leaving Our Property While on Duty............................................. 35
     6.15   Positions Involving Direct Customer Contact ................................................. 35
     6.16   Moonlighting / Second Job ............................................................................ 35
     6.17   Solicitation / Distribution .............................................................................. 36
     6.18   Lockers.......................................................................................................... 36
     6.19   Parking........................................................................................................... 36
     6.20   Badges............................................................................................................ 36
     6.21   Break Room .................................................................................................. 37
     6.22   Complimentaries ........................................................................................... 37
     6.23   Lost and Found ............................................................................................. 37
     6.24   Suggestions.................................................................................................... 37
     6.25   Emergency Closings and Delayed Openings ................................................... 37
     6.26   National Labor Relations Act ........................................................................ 38
     6.27   Termination of Employment........................................................................... 38

     RECEIPTS.............................................................................................................. 40
     Acknowledgement of Employment and Employee Handbook (Employee's - Remains in Handbook) .......... 40
     Acknowledgement of Employment and Employee Handbook (Company's - Please Read, Sign & Return).. 41

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

Margolis Edelstein
Thompson v. Dover Downs

# SECTION 1: INTRODUCTION

## 1.01    WELCOME TO DOVER DOWNS GAMING & ENTERTAINMENT

An interesting and challenging experience awaits you as an employee of our Company or one of its subsidiaries. To answer some of the questions you may have concerning us and our policies, we have written this Handbook. Please read it thoroughly and retain it for future reference.

The policies stated in this Handbook are guidelines only and, with the exception of our policy on "at will" employment below, are subject to change at the sole discretion of the Company, as are all our other policies, procedures, benefits and other programs. As this Handbook is intended as a useful summary and quick reference guide, we cannot include the full text of all our policies, procedures, rules or regulations. You should feel free to ask to review the full text of any such policy. For example, we have a detailed Sexual Harassment Policy and a detailed Controlled Substance and Alcohol Policy which all employees are subject to.

From time to time, you may receive updated information concerning changes in our policies. If you have any questions regarding any of our policies, procedures, rules or regulations set forth in this Handbook or elsewhere, please ask your supervisor or a member of our Human Resources Department for assistance.

We wish you the best of luck and success in your position and hope that your employment relationship with us will be a rewarding experience.

## 1.02    MISSION STATEMENT

As a Company, we strive to consistently exceed the expectations of our customers, our employees, the community in which we conduct business, and our shareholders. We are guided by the following business mission philosophy:

- *CUSTOMER:* To exceed expectations by providing a great entertainment experience with friendly, courteous, and timely service.

- *EMPLOYEE:* To provide employees with challenging and exciting opportunities in an environment where teamwork and mutual respect are paramount.

- *COMMUNITY:* To contribute to the growth of the community by providing economic stimulus, employment opportunities and active support.

**B-0354**

□    *SHAREHOLDERS:* To provide shareholders with exceptional returns on their investments, emphasizing growth and long-term value.

## 1.03    CUSTOMER SERVICE

Our goal is to provide quality entertainment and services to our customers in the highly competitive casino gaming, horse racing, hotel, dining and entertainment industries and to exceed their expectations. It is essential that you deliver the best possible service to our customers. A superior customer service experience is extremely important to our success as a company. An incident of employee rudeness or indifference to a customer may result in disciplinary action up to and including termination. You are expected to project a friendly, cheerful, courteous, and professional manner towards our customers and other employees at all times.

## 1.04    EMPLOYMENT AT WILL

THIS HANDBOOK IS NOT A CONTRACT, EXPRESS OR IMPLIED, GUARANTEEING EMPLOYMENT FOR ANY SPECIFIC DURATION.

ALTHOUGH WE HOPE THAT YOUR EMPLOYMENT RELATIONSHIP WITH US WILL BE LONG TERM, EITHER YOU OR WE MAY TERMINATE THIS RELATIONSHIP AT ANY TIME, FOR ANY REASON, WITH OR WITHOUT CAUSE OR NOTICE.

**B-0355**

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

Margolis Edelstein
Thompson v. Dover Downs

## SECTION 2: EMPLOYMENT POLICIES

**2.01    *EQUAL EMPLOYMENT OPPORTUNITY***

It is our policy to afford equal employment opportunity to all individuals regardless of race, color, religion, sex, national origin, age, or disability in accordance with applicable federal, state and local laws. This policy applies to all terms and conditions of employment, including but not limited to hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

**2.02    *EMPLOYEE HARASSMENT / SEXUAL HARASSMENT***

We strive to provide and maintain a professional working environment that prohibits discrimination, intimidation or harassment of any sort based upon race, color, religion, sex, national origin, age or a protected disability. Violation of this policy by you will not be tolerated and shall subject you to appropriate disciplinary action up to and including termination. A claim of harassment is a serious allegation and can have long-term effects on all parties involved. Therefore, we also will not tolerate frivolous or false claims.

With respect to sexual harassment, and in accordance with Equal Employment Opportunity Commission (EEOC) guidelines, we prohibit unwelcome sexual advances, requests for sexual favors, and all other verbal or physical conduct of a sexual or otherwise offensive nature, especially where:

- submission to such conduct is made either explicitly or implicitly a term or condition of employment;
- submission to or rejection of such conduct is used as a basis for decisions affecting an individual's employment; or
- such conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

The following types of behavior may be considered sexual harassment, depending upon the specifics of the situation:

- sexually offensive language or profanity, sexual banter, sexual jokes and sexually suggestive materials (pictures, cartoons, etc.);
- sexually suggestive or lewd comments or behavior;
- inappropriate touching, sexual advances or propositions;
- sexual acts and/or requests or demands for sexual favors;
- slurs, jokes and other verbal, graphic or physical conduct relating to an individual's sex; or
- any other conduct or behavior deemed inappropriate by us.

B-0356

EMPLOYEE HANDBOOK FOR DOVER DOWNS GAMING & ENTERTAINMENT, INC. and its SUBSIDIARIES
© 2002 DOVER DOWNS GAMING & ENTERTAINMENT, INC.
ALL RIGHTS RESERVED

6

Margolis Edelstein
Thompson v. Dover Downs